# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CIVIL ACTION NO. 19-46-WOB-CJS**

**JOHN KYLE SWEENEY, et al.**                                      **PLAINTIFFS**

**v.**                              **REPORT AND RECOMMENDATION**

**JUSTIN CRIGLER, et al.**                                        **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Attorney Fees and Costs filed by Plaintiffs Ann Cormican, Joshua Gilpin, John Hicks, Kyle Hugenberg, Cristi Kendrick, John Kyle Sweeney, and the Libertarian Party of Kentucky (Plaintiffs). (R. 82). Plaintiffs seek $122,260.00[1] in attorneys' fees and $3,296.21 in costs from Defendants Katrina Fitzgerald, a member of the Kentucky State Board of Elections, and Michael G. Adams, the Kentucky Secretary of State, in their official capacities.[2] *Id.* Defendant Fitzgerald has responded, arguing that Plaintiffs did not meet their burden of showing that all of the hours claimed are reasonable and that the Court should either eliminate duplicative and excessive billing or apply an across-the-board reduction in the fees claimed. (R. 83).[3] Accordingly, the matter being ripe, the Court issues this Report and Recommendation. *See* 28 U.S.C. § 636(b).

---

[1] Plaintiffs' original motion requested $119,005.00 in attorney's fees. However, Attorney Chris Wiest billed an additional $3,255.00 for the work on the Reply filed in response to Defendant Fitzgerald's Response to Plaintiffs' Motion for Attorney Fees and Costs. (R. 84-1 at Page ID 1604).

[2] Although Alison Lundergan Grimes was the Secretary of State when this action was filed, the new Secretary of State, Michael G. Adams, is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

[3] The Kentucky Secretary of State has not responded.

## I.    BACKGROUND

On April 11, 2019, Plaintiffs filed this lawsuit challenging two bills passed by the Kentucky legislature: 2019 HB 114 and 2019 SB 60, both of which changed how political organizations, such as the Libertarian Party of Kentucky, can place a candidate on the ballot. (R. 1). In order to appear on the ballot for state and local partisan offices, a candidate must file a "Statement-of-Candidacy" form; the bills in question changed the deadline for filing this form from April 1 to "the last Tuesday in January."[4] (R. 77 at Page ID 1503). The Complaint alleged two classes of defendants: the Boone County defendants[5] and the State defendants.[6] (R. 1 at Page ID 9-10).

The majority of defendants entered into a Consent Order with Plaintiffs, in which they agreed that they did not wish to defend the case and that they would be bound by any final determination of the Court. Plaintiffs, in turn, agreed not to seek attorneys' fees from them. (*See* R. 10; R. 34). Only Defendants Katrina Fitzgerald and then Secretary of State Allison Lundergan Grimes remained to defend the case.[7] (*See* R. 43).

Thereafter, the parties filed Motions for Summary Judgment. (R. 56; R. 57; R. 58). After full briefing, the Court granted the Plaintiffs' Motion for Summary Judgment and denied the Motions for Summary Judgment filed by the Secretary of State and Defendant Fitzgerald. (R. 77). This Motion for Attorney Fees and Costs followed. (R. 82).

---

[4] House Bill 114 moved the date to "the last Tuesday in January." (R. 77 at Page ID 1503). And 2019 SB 60 changed the date to "the first Friday following the first Monday in January"; however, under applicable Kentucky law, the deadline set in HB 114 controls. (*See* R. 56-1 n.2).

[5] Justin Crigler, Michael Helmig, Marilyn Howard, and Emily Shelton.

[6] Then Secretary of State Alison Lundergan Grimes, David L. Osborne, Katrina Fitzgerald, Albert B. Chandler, III, Sherry Rene Whitehouse, George Russell, Deanna Brangers, Dwight Sears, Jared Dearing, and Joshua Branscum.

[7] Plaintiffs' Amended Complaint removed Jared Dearing from the action as a defendant. (*See* R. 36).

## II.     STANDARD OF REVIEW

"[T]he [C]ourt, in its discretion, may allow the prevailing party [in a § 1983 action] . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988.  A fee is reasonable when it "is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).  "A reasonable attorney fee is calculated by the lodestar method."  *The Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016).  To calculate the loadstar, "the number of hours reasonably expended on the litigation [is] multiplied by a reasonably hourly rate."  *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "A request for attorney's fees should not result in a second major litigation."  *Hensley*, 461 U.S. at 437.  The Court's task is to "provide a concise but clear explanation of its reasons for the fee award."  *Id*.  In doing so, the Court keeps in mind that it is the movant's "burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Id*.

## III.    ANALYSIS

The award of attorneys' fees is discretionary with the Court.  However, the parties do not dispute whether attorneys' fees would be appropriate in this case.[8]  Therefore, the analysis begins with the question of whether the hourly rate is reasonable.  Afterwards, the Court will examine the reasonableness of the hours claimed, which will focus on the issue of duplicative or excessive billing.

### A.      What is a Reasonable Hourly Rate?

---

[8] To be entitled to attorneys' fees, the movant must be a prevailing party.  42 U.S.C. § 1988.  The analysis for a plaintiff is whether plaintiff "obtain[ed] an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement."  *DiLaura v. Twp. of Ann Arbor,* 471 F.3d 666, 670 (6th Cir. 2006) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992)).  The Court granted Plaintiffs' Motion for Summary Judgment on January 22, 2020 (R. 77) and permanently enjoined the enforcement of the laws in question (R. 78).  Accordingly, Plaintiffs are prevailing parties.

3

The fees of three attorneys are at issue in this analysis: Attorneys Thomas Bruns, Robert A. Winter, Jr., and Christopher Wiest. Messrs. Bruns and Winter request $375 per hour and Mr. Wiest requests $350 per hour. Plaintiffs argue that these rates are in line with rates awarded in similar cases in this and other districts and supply an affidavit from a local attorney attesting to the reasonableness of their rates. (R. 82-1 at Page ID 1533-34; R. 82-5). Defendants do not offer a response to the reasonableness of these hourly rates.

"To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier*, 372 F.3d at 791. To determine the local market rate, the Court relies "on a combination of its own expertise and judgment" and "proof of rates charged in the community under similar circumstances." *Toliver v. Jbs Plainwell, Inc.*, No. 1:11-CV-302, 2015 WL 11255451, at *5 (W.D. Mich. Aug. 20, 2015), *report and recommendation adopted as modified*, No. 1:11-CV-302, 2016 WL 165031 (W.D. Mich. Jan. 14, 2016).

In this case, all three attorneys provide affidavits which attest to their hourly rate, their years of litigation experience in federal court, and attach an affidavit from a local attorney attesting to the reasonableness of their rates in the local market. (R. 82-2; R. 82-3; R. 82-4; R. 82-5). Taking into consideration this evidence, the lack of dispute by Defendants, and the Court's own expertise and judgment, the Court finds that $375 per hour for Messrs. Bruns and Winter and $350 per hour for Mr. Wiest is reasonable in this matter.

### B.    What is a Reasonable Number of Hours?

The Court next turns to whether the hours claimed by the attorneys are reasonable. Mr. Wiest seeks compensation for 299.6 hours;[9] Mr. Bruns seeks compensation for 30.9 hours; and

---

[9] This is the combined total of the 290.3 hours requested in the initial motion, and the 9.3 hours requested for replying to Defendant Fitzgerald's Response to the Motion for Attorney Fees and Costs.

Mr. Winter seeks compensation for 15.5 hours. (R. 82 at Page ID 1531; R. 84 at Page ID 1604). Defendant Fitzgerald argues that the hours billed by Messrs. Bruns and Winter should be excluded because they consisted of work that was duplicative or unnecessary, citing specifically to the telephonic conferences between the attorneys and the entries of Messrs. Bruns and Winter reviewing and receiving documents. (R. 83 at Page ID 1585-87). Alternatively, she argues that the hours should be reduced by an across-the-board reduction, which she proposes to be 14%. (*Id*. at Page ID 1588-89). She further argues that Mr. Wiest's attorney's fees for travel time should be reduced. (*Id*. at Page ID 1589-91).

The question in determining the number of reasonable hours expended "is not whether . . . in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in the pursuit of success at the point in time when the work was performed." *Human Rights Def. Ctr. v. Ballard*, No. 3:17-CV-57-GFVT-EBA, 2020 WL 2513822, at *2 (E.D. Ky. May 15, 2020) (quoting *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)). "Multiple-lawyer litigation is common and not inherently unreasonable," and the Sixth Circuit has upheld attorney fees for election law issues in a § 1983 case when parties used multiple attorneys. *See Husted*, 831 F.3d at 704, 718. Purely clerical tasks, meaning tasks where no legal knowledge is required should not be included in an award of attorney fees. *Wesley v. Rigney*, No. 10-CV-51-DLB-JGW, 2016 WL 6787235, at *4 (E.D. Ky. May 18, 2016) ("The Court agrees that the attorney fee award should not encompass any time spent on purely clerical tasks."). Further, telephonic conferences between attorneys are compensable. *See Brown v. Kentucky Legislative Research Comm'n*, No. 2:13-CV-068-GFVT-WOB-DLB, 2014 WL 12862253 (E.D. Ky. May 9, 2014), *report and recommendation adopted sub nom. Brown v. Kentucky*, 2014 WL 12862645 (E.D. Ky. July 28, 2014) (finding that conferencing amongst lawyers from different firms was compensable).

5

Nothing in the billing logs supports Defendant's argument that Messrs. Bruns and Winter should not be awarded attorneys' fees. Multiple attorney litigation is not unreasonable in § 1983 actions concerning election law. *See Husted*, 831 F.3d at 718. Despite Defendant's contentions, the two attorneys, with one exception, did not perform clerical work, as the billing logs consist mainly of tasks which require legal analysis, such as reviewing filings and drafts of motions. (*See* R. 82-3; R. 82-4). The one exception is the first entry on Mr. Winter's billing log, which charges $187.50 for serving Albert Chandler III with summons and the complaint. (R. 82-4 at Page ID 1575). This is a clerical task and should be excluded from awarded attorneys' fees.

Further, the telephonic conferences between the attorneys are compensable. Defendant points to the telephonic conferences between counsel as a way of showing that employing three attorneys in this case is unreasonable. (R. 83 at Page ID 1587). Courts allow compensation for conferences between attorneys. *See Brown*, 2014 WL 12862253, at *5. Since, after review of the logs, the conferences (either over phone or email) do not appear excessive or improper, this argument fails to show that employing three attorneys in this case was excessive or unnecessary. *Id*. ("Other than generically arguing the faulty premise that conferences between various counsel are inherently not compensable, [Defendant] has not demonstrated how any particular conference was excessive or otherwise improper.").

Defendant next argues that the Court should apply an across-the-board reduction. She states that the work was unnecessarily duplicative, advisory, or was work that could have been done by a paralegal. (R. 83 at Page ID 1588-89). Plaintiffs argue that they have already removed duplicative and unnecessary entries. (R. 84 at Page ID 1597).

"[T]o account for apparent excessiveness and duplication, a district court may 'mak[e] a simple across-the-board reduction by a certain percentage.'" *Brooksbank v. Koch*, 2019 WL 7407401, at *5 (W.D. Ky. Apr. 15, 2019) (quoting *Hudson v. Reno*, 130 F.3d 1193, 1209 (6th Cir.

1997), *overruled in part on other grounds*, *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001)). Here, Plaintiffs have carried their burden of establishing that the use of Messrs. Bruns and Winter was reasonable. The record shows that on each motion drafted, Mr. Wiest performed the majority of the work, while Messrs. Bruns and Winter acted as reviewers and editors, billing a relatively small amount of time by comparison. (*See* R. 82-2; R. 82-3; R. 82-4). Even on the largest motions, the Motions for Summary Judgment, Messrs. Bruns and Winter billed a combined total of 20 hours, which is a fraction of the over 80 hours billed by Mr. Wiest. (*See* R. 82-3 at Page ID 1564-65; R. 82-4 at Page ID 1576). While there is some overlap in the work, it is not obviously excessive, and granting attorneys' fees in such an instance is in line with previous rulings by the Sixth Circuit. *See Husted*, 831 F.3d at 707 (upholding the granting of attorney's fees when over six attorneys edited one document).

Further, the billing records themselves are sufficiently detailed to avoid duplication concerns. For example, one district court made an across-the-board reduction to account for duplication when plaintiffs employed sixteen attorneys across three law firms and the billing logs were vague, duplicative, and contained imprecise or incomplete entries. *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 942 (E.D. Mich. 2005). Here, there were only three attorneys, and the logs stated what was being reviewed, what contributions the attorneys made, and the precise amount of time expended. Further, the Plaintiffs attest, and the billing logs reflect, that they used billing judgment and discretion by removing any excessive or unreasonable time entries. (R. 82-1 at Page ID 1532; R 82-2 at Page ID 1545-52; R. 82-3 at Page ID 1560-65; R. 82-4 at Page ID 1575-77). Defendant's conclusory allegation that the billing is duplicative is not enough to find that the detailed logs by Plaintiffs are unreasonable. *Husted*, 831 F.3d at 705 ("Moreover, in the face of Plaintiff's detailed billing records 'conclusory allegations that the award was excessive and that . . . counsel employed

7

poor billing judgment . . . do not suffice to establish that there was error.'") (internal citations omitted).

Defendant's argument that this is work that could have been done by a paralegal is not supported by the record. Messrs. Bruns and Winter each have over twenty-five years of experience. (R. 82-3 at Page ID 1553; R. 82-4 at Page ID 1568). The work they provided in editing, commenting, and finalizing the drafts of the less-experienced Mr. Wiest, based upon the logs and affidavits, could not have been accomplished by a paralegal, because it would have either increased the number of hours that would have been billed or decreased the effectiveness of Mr. Wiest's work. *See Communities for Equity v. Michigan High Sch. Athletic Ass'n,* No. 1:98-CV-479, 2008 WL 906031, at *14 (W.D. Mich. Mar. 31, 2008) ("Had less-experienced counsel handled this case, it would have greatly increased the number of hours that would have been billed.").

The Court next considers Mr. Wiest's attorney's fees for traveling. Defendant argues that Mr. Wiest's fees should be reduced because no evidence exists that productive legal work was performed during travel. She cites to a Western District of Kentucky case for the proposition that attorneys should only be compensated for their time when productive legal work is performed. (R. 83 at Page ID 1589). Plaintiffs argue that the Sixth Circuit has suggested that travel time is fully compensable, and the Eastern District of Kentucky generally treats it as such. (R. 84 at Page ID 1597-99). Thus, the issue is whether Mr. Wiest must show that he spent his travel time doing productive legal work in order to be awarded his hourly rate.

The Sixth Circuit has implied that travel time is fully compensable. *Wayne v. Vill. of Sebring*, 36 F.3d 517, 532 (6th Cir. 1994) ("[Plaintiffs] correctly point out that . . . the time spent traveling is fully compensable."). The Western District of Kentucky case that Defendant cites states that "[i]t is customary local practice that if productive legal work is performed during travel,

such travel time is billed at the attorney's full hourly rate." *ACLU of Ky., Inc. v. Grayson Cnty., Ky.*, 2008 WL 5101672, at *3 (W.D. Ky. Nov. 26, 2008).   However, the local practice in the Eastern District of Kentucky is that attorney's fees for travel time are generally upheld, regardless of whether the attorney shows that productive legal work was performed during travel. *See ACLU of Ky. v. McCreary Cnty., Ky.*, No. CIV.A. 99-507-JBC, 2009 WL 720904, at *4 (E.D. Ky. Mar. 13, 2009); *Crouch v. Rifle Coal Co., LLC*, No. CIV. A. 08-299-ART, 2010 WL 2961181, at *4 (E.D. Ky. July 26, 2010).

This Court will follow other courts in this district and recommend full compensation for travel.  Further, the case and proposition that Defendant relies on has been analyzed and rejected by a court in this district. *See Crouch*, 2010 WL 2961181, at *4 ("But that case does not explain what to do when productive legal work is *not* performed during travel.").  Therefore, without "a sound reason to the contrary, [Plaintiffs] should receive attorney fees for [Mr. Wiest's] travel time." *Id*.

## IV.   CONCLUSION AND RECOMMENDATION

For the reasons stated above, Plaintiffs' request for attorneys' fees totaling $122,260.00 and costs totaling $3,296.21[10] should be granted in part.  The $187.50 that Mr. Winter billed for serving a copy of the summons and Complaint should be excluded.

Therefore, it is hereby **RECOMMENDED** that Plaintiffs' Motion for Attorney Fees and Costs (R. 82) **BE GRANTED IN PART** and that Plaintiffs be awarded $122,072.50 as a reasonable fee and $3,296.21 in costs, for a total of $125,368.71.

---

[10] Defendants do not dispute the costs requested.  "Section 1988 permits district courts to award those incidental and necessary expenses incurred in furnishing effective and competent representation" as part of the award of attorney fees" which are those "incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 827 (6th Cir. 2013) (internal citations and quotations admitted).  After review, the costs requested in this case are appropriate.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 27th day of October, 2020.



Signed By:

*Candace J. Smith*

**United States Magistrate Judge**

J:\DATA\Orders\civil cov\2019\19-46-WOB R&R re atty fees final.docx